IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN SANTIMARINO, | ) | CASE NO. 5:08 CV 2064 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Brian Santimarino, for disability insurance benefits and supplemental security income.  The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Santimarino had severe impairments consisting of status post cervical spine fusion, coronary artery disease status post angioplasty and stenting, status post acute myocardial infarction, and status post coronary artery bypass grafting.[1]  The ALJ made the following finding regarding Santimarino's residual functional capacity:

---

[1] ECF # 10 at 59.  The transcript in this case was filed electronically.  The references to the transcript herein will be to the pages of that document as designated by the Electronic Case Filing system.

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant is restricted for work that involves climbing ladders, ropes, or scaffolds, being around unprotected heights, or being around hazardous machinery (non-exertional).[2]

The ALJ determined that the above-quoted residual functional capacity precluded Santimarino from performing his past relevant work.[3]

Based on a hypothetical question posed to a vocational expert at the hearing incorporating the above-quoted residual functional capacity, the ALJ decided that a significant number of jobs existed locally and nationally that Santimarino could perform. [4] He, therefore, found Santimarino not under a disability.[5]

Santimarino asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, he complains that substantial evidence does not support the residual functional capacity finding and that additional work-related limitations should have been incorporated into that finding.

---

[2] *Id.* at 60.

[3] *Id.* at 64.

[4] *Id.* at 65.

[5] *Id.* at 66.

As fully discussed below, even assuming arguendo that substantial evidence does not support the specific residual functional capacity finding of the ALJ, nevertheless, substantial evidence supports the finding that Santimarino was not disabled. The decision of the Commissioner denying his applications for disability insurance benefits and supplemental security income must, therefore, be affirmed.

## Analysis

The dispute here is a narrow one. Although the ALJ adopted a residual functional capacity of light without any limitation on the use of the hands, he posed questions to the vocational expert using a sedentary hypothetical that incorporated a limitation on the use of the hands to occasional.[6]

With this limitation, the vocational expert identified two specific jobs that Santimarino could perform – charge account clerk and surveillance system monitor.[7]

On cross-examination, Santimarino's counsel obtained a concession from the vocational expert that the charge account clerk job could well involve more than occasional fingering because of the need to use a computer to perform the requirements of that job.[8] The opinion about the surveillance system monitor job remained unaffected, however.

---

[6] *Id.* at 44.

[7] *Id.* at 44-45.

[8] *Id.* at 47-48.

Assuming arguendo that substantial evidence did not support a residual functional capacity finding at light, substantial evidence does support a finding at sedentary, as Santimarino concedes.[9]  If substantial evidence supports a finding that a substantial number of jobs existed locally and nationally at sedentary, then the ALJ's residual functional capacity finding of light is harmless error.[10]

Santimarino argues that substantial evidence does not support a finding that a substantial number of jobs existed locally and nationally that he could perform based upon the surveillance system monitor job.  The vocational expert testified that the surveillance system monitor job included 500 positions locally, 3,200 in Ohio, and 120,000 nationally.[11]  These numbers are comparable to the numbers of jobs found significant by the Sixth Circuit in cases such as *Harmon v. Apfel*[12] and *Kappesser v. Commissioner of Social Security.*[13]  The ALJ's finding, therefore, of no disability is supported by substantial evidence and must be affirmed.

---

[9] ECF # 17 at 8.

[10] *Pechatsko v. Comm'r of Soc. Sec.*, 369 F. Supp. 2d 909, 910-11 (N.D. Ohio 2004).

[11] ECF # 10 at 45.

[12] *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999).

[13] *Kappesser v. Comm'r of Soc. Sec.*, 69 F.3d 357, 1995 WL 631430, at **4 (6th Cir. 1995) (unreported table decision).  *See also* the authorities cited on page 11 of the Commissioner's brief (ECF # 19 at 11).

## Conclusion

Substantial evidence supports the findings of the Commissioner that Santimarino was not disabled.  Accordingly, the decision of the Commissioner denying Santimarino disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated:  November 5, 2009                                  s/ William H. Baughman, Jr.
                                                                          United States Magistrate Judge